UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNA PEDRIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JUDGE LAW FIRM,<br><br>　　　　　　　　　　Defendant. | Case No.: 15CV1942 BEN (KSC)<br><br>**ORDER DENYING MOTION TO DISMISS FOR IMPROPER SERVICE**<br><br>[Docket No. 9] |

Plaintiff's second motion to proceed *in forma pauperis* ("IFP")[1] was granted on January 4, 2016 pursuant to 28 U.S.C. § 1915(a)(1) and the Court ordered the issuance of the summons and service by the U.S. Marshal. Defendant Judge Law Firm now moves to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5) for failure to timely serve the Complaint pursuant to Federal Rule of Civil Procedure 4(m).[2] Plaintiff has filed an Opposition. (Docket No. 10.) Defendant filed a Reply. (Docket No. 11.)

---

[1] Plaintiff's initial motion to proceed IFP was denied with leave to file a renewed application because the initial application lacked information necessary to evaluate her ability to pay the required fee.

[2] The Court notes that Defendant's filing violates Civil Local Rule 7.1(b), requiring movant to obtain a hearing date from the clerk of the assigned judge. Defendant did not obtain a hearing date for the Motion or notice a hearing date on the Motion. Although the filing could be stricken for these deficiencies, the Court elects to rule on the Motion given an Opposition and Reply were filed the same day the Motion was filed.

1

1    Defendant argues that the Complaint must be dismissed because it was not served
2    within 120 days of the date the Plaintiff filed her Complaint, August 31, 2015.  However,
3    as Plaintiff notes, the Motion fails to acknowledge or address that the action could not
4    proceed until January 4, 2016, when this Court allowed the action to proceed IFP.
5    Defendant does not cite any authority supporting dismissal for failing to serve pursuant to
6    Rule 4(m) under these circumstances.

7    Numerous courts have determined that when an IFP application is ultimately
8    granted, the 120-day period under Rule 4(m) begins when the IFP application is granted.
9    *Matthews v. Marten Transp., Ltd.*, 354 F. Supp. 899, 902 (W.D. Wis. 2005) (finding 120-
10   day period begins when plaintiff's motion to proceed IFP is granted); *see Ruiz v. Hill
11   Mgmt. LLC*, 2006 WL 1113703, at *2 (D. Or. 2006) (finding 120-day period begins with
12   court's acceptance of amended IFP complaint and issuance of summons following
13   dismissal of initial IFP complaint); *see also Robinson v. America's Best Contacts and
14   Eyeglasses*, 876 F.2d 596, 598 (7th Cir. 1989) (finding 120-day period did not begin
15   when the complaint was originally presented to the court with IFP application).
16   Defendant concedes that service was accomplished on March 4, 2016, well within 120
17   days of the Court's grant of Plaintiff's IFP application and issuance of the summons on
18   January 4, 2016.

19   Additionally, were the Court to diverge from this approach and begin the 120-day
20   period when the initial Complaint was filed with the Court, Plaintiff would be entitled to
21   an extension of the time for service.  Under Rule 4(m), if plaintiff shows good cause for
22   the failure [to serve within 120 days], the court must extend the time for service for an
23   appropriate period."  Rule 4(c)(1) requires that a summons be served with a copy of the
24   complaint.  Plaintiff could not serve the summons with the Complaint until the summons
25   was issued.  As Plaintiff notes in Opposition, the action was not authorized to proceed
26   and the summons was not issued by the Clerk until the Court granted Plaintiff's request
27   to proceed IFP and ordered the summons issued.  This would warrant an extension of the

time to serve.

Defendant's Motion is **DENIED**. Given Defendant's Answer was due on March 28, 2016, the Court orders Defendant to file an Answer within three days of the filing of this Order.

**IT IS SO ORDERED.**

Dated: March 30, 2016

Hon. Roger T. Benitez
United States District Judge